## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**LONNIE C. BURGESS and**
**DEBORAH E. BURGESS**                                                              **PLAINTIFFS**


**v.**                              **CASE NO. 4:06-CV-00062 GTE**


**LARSON'S GROCERY OF OXFORD,**                              **DEFENDANT/**
**INC. d/b/a LARSON'S BIG STAR**                    **THIRD PARTY PLAINTIFF**

**v.**

**TI SUB GP, LLC; CLARKSVILLE**
**REFRIGERATED LINES, INC.;**
**CLARKSVILLE REFRIGERATED**
**LINES I LTD; and REFRIGERATED**
**TRANSPORT EXPRESS I, LP**                    **THIRD PARTY DEFENDANTS**


## ORDER

Presently before the Court are Plaintiffs' Motions in Limine (Docket Nos. 85, 87, and 89) and Defendant's First Motion in Limine (Docket No. 93).

**I.      Plaintiffs' First Motion in Limine (Docket No. 85)**

The purpose of Plaintiffs' First Motion in Limine is to obtain a determination from the Court as to whether or not the objection by Defendant as to Linda Rhoads, David Hall, and Sue Page should be sustained so as to prevent them from testifying in the case.  Defendant responds by stating that it believes that the motion is moot as the issues have been resolved between counsel.  Thus, Plaintiffs' motion is denied as moot.

**II.      Plaintiffs' Second Motion in Limine (Docket No. 87)**

In Plaintiffs' Second Motion in Limine, Plaintiffs state that they anticipate that Defendant

may insist that because of the Civil Justice Reform Act of 2003, that only certain medical bills

can be introduced into evidence in the case.  *See* Ark. Code Ann. § 16-55-212(b) ("Any evidence

of damages for the costs of any necessary medical care, treatment, or services received shall

include only those costs actually paid by or on behalf of the plaintiff or which remain unpaid and

for which the plaintiff or any third party shall be legally responsible.").  They further state that if

Defendant makes this contention, the Court should declare Arkansas Code Annotated § 16-55-

212(b) as unconstitutional because it violates several provisions of the Arkansas Constitution,

and permit all of the medical expenses incurred by the Plaintiffs to be submitted to the jury.

Defendant responds by stating that it does not anticipate making such an objection.

Defendant states that it understands that all, or virtually all, of the bills have been paid in full by

Great American Insurance Company, the occupational insurance carrier for Burgess.  Defendant

is unaware of any discrepancy between the amount billed and the amount paid.  However,

Defendant notes that, at this time, Plaintiffs have not provided it with copies of the bills they plan

to introduce, or a summary.  Defendant states that upon receipt of this information, it will notify

Plaintiffs' counsel of any objection to any bills on the basis of the Civil Justice Reform Act of

2003.  Therefore, Defendant requests that the Court deny Plaintiffs' motion as premature.  The

Court agrees the Plaintiffs' motion is premature, and should be denied without prejudice to

raising the issue in the future, if necessary.

**III.    Plaintiffs' Third Motion in Limine (Docket No. 89)**

In Plaintiffs' Third Motion in Limine, they request that the Court instruct all parties, their attorneys, and witnesses to refrain from any mention or interrogation, directly or indirectly, including the offering of documentary evidence, in the presence of the jury panel, of various matters.  Plaintiffs request that if any counsel wishes to propose a theory of admissibility concerning these matters, that counsel first must request a ruling from the Court outside the presence and hearing of the jury.  The Court will address each issue in turn.

**A.    Gambling**

Plaintiffs note that the income tax returns of Plaintiffs, which will be introduced, indicate that Plaintiffs may have had some gains from gambling, and that this information is irrelevant and highly prejudicial.  Plaintiffs state that gambling is a highly explosive and prejudicial issue, and should be excluded.

Defendant responds by stating that it has no objection to redacting the income tax returns to take out gains from gambling, as such is not relevant to Plaintiffs' claim for loss of income.  However, Defendant states that the issue of gambling may be relevant to other issues.  For example, one of the issues in the case will be to what degree Plaintiff Lonnie Burgess' injuries have changed his relationship with his wife, including activities that he and his wife formerly enjoyed, but cannot do now.  Deborah Burgess testified that one of their primary forms of recreation was to visit casinos, although she stated that they do not go often, and conceded that they were still able to enjoy this kind of activity, even after the accident.

The Court finds that references to gambling shall be excluded.  If Defendant believes that Plaintiffs "open the door" to this issue during trial, Defendant's counsel must obtain the Court's permission outside the presence of the jury before going into this matter.

**B.      Smoking**

Plaintiffs seek to exclude testimony that Lonnie Burgess was a smoker.  While Plaintiffs concede that Mr. Burgess was, in fact, a smoker, there is no competent medical testimony to support the proposition that the healing process was delayed by his smoking, and therefore, any references to smoking should be excluded during the course of the trial.  Defendant responds by noting that Mr. Burgess testified that he continued to smoke despite the advice of Dr. Reel, Mr. Burgess' treating surgeon, to refrain from smoking, and that Dr. Reel testified that smoking slows bone healing.  The Court finds Defendant's arguments persuasive.  Plaintiffs' motion is denied as to this issue.

**C.      Testimony Concerning Dr. Peeples' Previous Testimony**

Plaintiffs submit that testimony that Plaintiffs' attorney, David Hodges, has employed Dr. Peeples, Defendant's medical expert, in the past should be excluded because Mr. Hodges cannot explain to the jury why he employed Dr. Peeples in the past.

Defendant argues that questions surrounding Dr. Peeples previous testimony are fair questions for purposes of both impeachment and rehabilitation.  Defendant states that the questioning concerning Dr. Peeples' employment by lawyers as an expert in litigated cases was to attempt to impeach the credibility of Dr. Peeples as being a "professional witness."  During Dr. Peeples' deposition, Plaintiffs' counsel asked whether it was true that Dr. Peeples was hired on behalf of counsel representing defendants and insurance companies more than for plaintiffs

and asked how many times he had been employed by Defendant's present trial counsel.  On

examination by Defendant's counsel, Dr. Peeples stated that he had been retained by Plaintiffs'

counsel's firm in the past, primarily for defense work.  Plaintiff's motion is denied as to this

issue, as such references are proper for impeachment purposes.

### D.        Worker's Compensation and Private Insurance

Plaintiffs seek to exclude any reference to collateral sources, such as Mr. Burgess'

Worker's Compensation claim and private insurance.  Plaintiffs clarify that while Mr. Burgess

did not specifically have a Worker's Compensation claim, since he was an independent

contractor, he was paid in some fashion for the injuries he had sustained through some insurance

company, for whatever reason.  Defendant replies by stating that it does not intend to introduce

evidence of the fact or amount that worker's compensation or private insurance paid for Mr.

Burgess' medical bills.  However, Defendant states that Mr. Burgess testified that the reason he

did not seek immediate medical attention after his injury was because he did not have insurance

coverage.  Defendant asserts that mitigation of damages by seeking prompt medical attention

after an injury will be an important issue in the case.  Defendant also asserts that evidence

tending to show that Mr. Burgess had insurance coverage and that he had knowledge of same is

highly relevant.  The Court accepts Defendant's statement that it will not introduce evidene of

the fact that worker's compensation or private insurance paid for Mr. Burgess's medical bills,

and finds Defendant's remaining arguments persuasive.  Plaintiffs' motion is denied as to this

issue.

### E.      Mention of RTX as a Third-Party Defendant

Plaintiffs seeks to exclude any mention of the fact that RTX is a defendant in this case.

Defendant responds that since the case has been bifurcated, and issues involving RTX will not be

a part of the trial, Defendant has no intention of making any reference to the fact that RTX is a

defendant in another part of the case.  Therefore, Plaintiffs motion is granted as to this issue.

### F.      Dr. Peeples' Deposition Testimony

Plaintiffs state that Plaintiffs' counsel made certain objections during the deposition of

Dr. Peeples.  Plaintiffs assert that the Court ought to rule on Plaintiffs' objections and direct that

the objections be removed from the deposition testimony.  Defendant responds by stating that it

has no objection to editing the video of the evidentiary deposition of Dr. Peeples to exclude

objections voiced by counsel.  Insofar as Plaintiff requests that the objections be removed from

the deposition testimony, Plaintiffs' motion is denied as moot.  The Court notes that Plaintiffs

also requests that the Court rule on their objections.  However, Plaintiffs have not submitted the

deposition testimony for the Court's consideration.  If Plaintiffs still seek the Court's rulings on

said objections, Plaintiffs shall submit the deposition, noting the page numbers and basis for the

objections, and allow Defendant the opportunity to respond in writing.

### IV.    Defendant's First Motion in Limine (Docket No. 93)

In Defendant's First Motion in Limine, it seeks to exclude the proposed exemplar

docking plate because it is so dissimilar to the actual dock plate that it is of no probative value, is

confusing and misleading to the jury, and is potentially highly prejudicial to the Defendant.

Defendant contends that there is ample evidence for the jury to understand the mechanics of the

accident through the testimony of Mr. Burgess and that numerous photographs of the actual dock

plate at issue are available.  Defendant states that the two dock plates have entirely different designs and appear to be of different sizes.  Defendant further states that there is no indication that the two plates are made of the same material or have similar weights.  Although the Court recognizes that Plaintiff has not yet responded to the present motion, and is inclined to grant Defendant's motion, the Court would like to know why the actual plate cannot be produced.  The Court will make its final determination on this issue after receiving Plaintiffs' response.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' First Motion in Limine (Docket No. 85) be, and it is hereby, DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Second Motion in Limine (Docket No. 87) be, and it is hereby, DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Third Motion in Limine (Docket No. 89) be, and it is hereby, GRANTED in part, and DENIED in part, as stated above.

IT IS FURTHER ORDERED that Defendant's First Motion in Limine (Docket No. 93) be, and it is hereby, HELD IN ABEYANCE.

IT IS SO ORDERED this 10th day of August, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE